IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| GMAC REAL ESTATE, LLC, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>GATE CITY REAL ESTATE )<br>POCATELLO, INC., )<br>)<br>Defendant. )<br>_____ ) | Case No. CV-05-0520-E-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it a motion to dismiss filed by defendant GMAC Real Estate LLC (GMACRE).  The Court provided counsel with a draft of a tentative decision prior to oral argument, heard oral argument on April 11, 2006, and took the motion under advisement.  For the reasons expressed below, the Court will grant the motion as to that portion of the fraud claim seeking a recovery of damages, and will also require Gate City to amend its breach of implied covenant claim.  The Court will deny the remainder of the motion.

## FACTUAL BACKGROUND

GMACRE filed this action against Gate City to recover fees allegedly due

**Memorandum Decision and Order – Page 1**

under the terms of a Service Contract.  Under the terms of that Contract, signed on March 10, 2000, GMACRE granted Gate City a franchise to operate a residential real estate office in Idaho.  Gate City agreed to pay monthly fees (set as a percentage of their income from real estate sales) for the right to use the Better Homes and Gardens trademarks.

GMACRE alleges that Gate City ceased paying the fees in December of 2002, and now owes at least $142,718.81.  GMACRE terminated the franchise agreement, and brought this action to recover those fees.

Gate City responded by filing a counterclaim alleging that GMACRE fraudulently induced Gate City to enter into the Service Contract, breached both the Service Contract and the implied covenant of good faith and fair dealing, and was unjustly enriched at Gate City's expense.  GMACRE's motion to dismiss seeks to dismiss all the claims made by Gate City in its counterclaim.

## STANDARD OF REVIEW

A motion to dismiss should not be granted "unless it appears beyond doubt that Plaintiff can prove no set of facts in support of his claim that would entitle him to relief."  *Clegg v. Cult Awareness Network,* 18 F. 3d 752, 754 (9th Cir. 1994).  All allegations of material fact in the complaint are taken as true and construed in the light most favorable to the non-moving party.  *See Buckey v. County of Los*

**Memorandum Decision and Order – Page 2**

*Angeles,* 968 F.2d 791, 794 (9th Cir. 1992).  The Ninth Circuit has held that "in dismissals for failure to state a claim, a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts."  *Cook, Perkiss and Liehe, Inc. v. Northern California Collection Service, Inc.,* 911 F.2d 242, 247 (9th Cir. 1990).

Generally, the Court may not consider any material beyond the pleadings in ruling on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).  *See Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir. 1998).  If materials outside the pleadings are considered, the motion is converted to a motion for summary judgment governed by Rule 56.  *See Jacobsen v. AEG Capital Corp.,* 50 F.3d 1493, 1496 (9th Cir. 1995).

However, as *Branch* makes clear, there are times when documents other than the pleadings can be considered without converting a motion to dismiss into a motion for summary judgment:  "[D]ocuments whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss." *Branch*, 14 F.3d at 453.

**Memorandum Decision and Order – Page 3**

## ANALYSIS

### 1. Fraud Claim

In its counterclaim for fraud, Gate City alleges that GMACRE induced Gate City to sign the Service Contract by promising significant benefits that it knew it would never provide and in fact did not provide.  Gate City's fraud counterclaim is both offensive and defensive in nature – that is, it seeks not only to block GMACRE's claim for fees, but also seeks an affirmative recovery of damages for the fraud.

GMACRE argues that this claim is time-barred.  The limitations period for a fraud claim is three years, measured from "the discovery, by the aggrieved party, of the facts constituting the fraud . . . ."  *See* Idaho Code § 5-218(4).  This limitation does not apply to a purely defensive counterclaim.  *See Full Circle Inc. v. Schelling*, 701 P.2d 254 (Id. Ct. App. 1985).  Thus, GMACRE's argument that the claim is time-barred relates only to that portion of Gate City's fraud claim that seeks damages.

In paragraph 41 of its counterclaim, Gate City alleges that "by September of 2002, not a single GMAC affiliate was recognized as within the top 100 in the United States; it was recognized that affiliation with [GMACRE] did not provide for the type of success and professionalism that GMAC had promised in inducing

**Memorandum Decision and Order – Page 4**

affiliation with GMAC, much less any superior quality of services and support."

In other words, Gate City knew in September of 2002, that GMACRE was breaching its promises. Gate City did not file its fraud counterclaim until January 16, 2006.

That claim is not necessarily untimely, however. The three-year limitation period begins to run from the date Gate City discovered "the facts constituting the fraud." A breach of promise does not constitute fraud. There must also be facts showing that the promise was made without any intent to perform.

Thus, the three-year period does not necessarily begin to run just because Gate City knew of GMACRE's breach of promise if Gate City did not learn until later that GMACRE never intended to perform. More specifically, if Gate City did not learn until sometime after January 16, 2003, that GMACRE never intended to perform, the fraud claim may be timely.

Gate City makes no such allegation, however. Because the counterclaim does not identify any evidence that GMACRE never intended to perform, it relies on an inference that because GMACRE never performed, it must have never intended to perform. However, this inference was apparent back in September of 2002. Because Gate City learned nothing new between September of 2002 and January 16, 2006, it has no basis to argue that the clock started ticking only on the

**Memorandum Decision and Order – Page 5**

later date rather than the earlier date.[1]

For this reason, the Court finds that the offensive portion of Gate City's fraud counterclaim is time-barred. The Court will therefore grant GMACRE's motion to dismiss to that extent.

While the defensive portion of Gate City's fraud counterclaim is not time-barred, an issue was raised at oral argument as to whether defensive fraud pled in Gate City's counterclaim was any different than its affirmative defense of fraud pled in its answer. *See Counterclaim, Tenth & Eleventh Defenses.* While there may be some conceptual difference, there appears to be no practical difference in this case. Either way, the result is the same – if proven, the fraud entitles Gate City to avoid GMACRE's claims but does not allow Gate City to recover any damages.

Whether pled as a defensive counterclaim or as an affirmative defense, the fraud must still be pled with particularity as required by Federal Rule of Civil Procedure 9(b). *See* 5A Wright and Miller, *Federal Practice & Procedure*, § 1297 at pp. 182-83 (3d ed. 2004) (concluding that Rule 9(b) applies to affirmative defenses and counterclaims).

GMACRE argues that Gate City's failure to plead "specific objective facts

---

[1] While Gate City's counsel did not make any specific challenge to this analysis at oral argument, he stated that he may seek to amend his counterclaim to revive the offensive fraud claim if discovery reveals supporting facts. The Court expressed no opinion on that issue.

**Memorandum Decision and Order – Page 6**

evidencing GMACRE's alleged fraudulent intent" requires the Court to dismiss the claim.  *See GMACRE Reply Brief* at p. 4.  While GMACRE recognizes that Gate City has alleged generally that GMACRE never intended to perform, GMACRE contends that "the Court need not, and should not, accept such a conclusory allegation."  *Id*.

Federal Rule of Civil Procedure 9(b) states that claims of fraud "shall be stated with particularity.  Malice, intent, knowledge, and other condition of mind of a person may be averred generally."  This language indicates that allegations of fraudulent intent need not be supported by "specific objective facts" as argued by GMACRE.  The Ninth Circuit rejected a requirement that plaintiff allege specific facts to support their general allegation that defendants had fraudulent intent: "We conclude that plaintiffs may aver scienter generally, just as [Rule 9(b)] states – that is, simply by saying that scienter existed."  *In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1547 (9th Cir. 1994)(en banc).

Under this authority, Gate City has met the requirement of Rule 9(b) as to fraudulent intent.  While GMACRE cites cases from this District holding that "conclusory" allegations need not be taken as true, those cases cannot apply here where the fraudulent intent allegations pass muster under Rule 9(b).

The Court finds in addition that the remainder of the defensive fraud

**Memorandum Decision and Order – Page 7**

allegations – those not relating to fraudulent intent – are likewise sufficiently detailed to satisfy Rule 9(b).  Specifically, the Court finds that Gate City's failure to name the agents of GMACRE who made fraudulent representations is not fatal to their claim.  Gate City does generally identify the agents so that GMACRE is not left entirely to speculation.  Rule 9(b) does not require "absolute particularity . . . especially when some matters are beyond the knowledge of the pleader and can only be developed through discovery."  5A Wright and Miller, *Federal Practice & Procedure*, § 1298 at p. 192 (3d ed. 2004).

      In conclusion, the Court will dismiss the offensive fraud counterclaim as time-barred, but will not dismiss the defensive fraud counterclaim, which the Court construes as identical to Gate City's affirmative defense of fraud.

**2.**     **Breach of Contract**

      Gate City alleges that GMACRE breached sections of the Service Contract.  The counterclaim contains specific promises allegedly made by GMACRE that were never performed.  GMACRE responds that the promises listed in the counterclaim are nowhere to be found in the Service Contract.  Moreover, GMACRE contends, the Service Contract is an integrated agreement, and hence promises made outside that document must be ignored.

      At this early stage in the litigation, the Court must tread very carefully in

**Memorandum Decision and Order – Page 8**

interpreting a contract. All allegations in Gate City's counterclaim must be taken as true. The allegations must be dismissed only it "appears beyond all doubt" that Gate City cannot prove its claim. *Clegg,* 18 F. 3d at 754.

Here, Gate City alleges that there was no significant advertising and no real estate services offered by GMACRE, among other deficiencies. The Service Contract appears to obligate GMACRE to "develop[] systems and programs to deliver sales training and education, management training, and client promotional materials to its Members." The Court cannot hold that it "appears beyond all doubt" that Gate City's allegations are not sufficient to prove a breach of that provision of the Service Contract.

### 3. Breach of Implied Covenant of Good Faith & Fair Dealing

The implied covenant of good faith and fair dealing is a covenant implied by law in the parties' contract. *See Lettunich v. Key Bank Nat. Ass'n.,* 109 P.3d 1104 (Id. 2005). It arises "only regarding terms agreed to by the parties." *Taylor v. Browning*, 927 P.2d 873, 880 (Id. 1996). The covenant requires that the parties perform, in good faith, the obligations imposed by their agreement. *Lettunich*, 109 P.3d at 1110. A violation of the covenant occurs "only when either party violates, nullifies, or significantly impairs any benefit of the contract." *Idaho Power Co. v. Cogeneration, Inc.,* 9 P.3d 1204, 1216 (Id. 2000).

**Memorandum Decision and Order – Page 9**

Gate City's counterclaim alleges that GMACRE breached the implied covenant in this case by (1) never denying nor substantively responding to Gate City's explanations, (2) not respecting the attorney-client relationship but seeking to operate around it, and (3) pursuing litigation against Gate City in the Illinois and New Jersey federal courts. *See Counterclaim* at p. 11, ¶ 43.

GMACRE argues that Gate City fails to tie these allegations to any obligations in the Service Contract, as required by Idaho law. The Court agrees. As presently drafted, the Counterclaim simply alleges that GMACRE acted in bad faith. Gate City must go further, however, and describe how the bad faith conduct of GMACRE either (1) violated a specific provision of the Service Contract, or (2) impaired Gate City's ability to enjoy the benefits it was entitled to receive under the Service Contract.

This Court cannot say that it is "beyond all doubt" that Gate City could not amend its complaint to make such allegations. Thus, the Court must give Gate City leave to amend, and will do so.

4.      **Unjust Enrichment**

GMACRE seeks to dismiss this claim because the Service Contract is enforceable. However, if Gate City prevails on its defensive fraud counterclaim, the contract is not enforceable. It is not clear to the Court at this early stage in the

**Memorandum Decision and Order – Page 10**

litigation how unjust enrichment interacts with defensive fraud.  The Court will leave that issue to future briefing.

5.     **Conclusion**

The Court will grant in part and deny in part GMACRE's motion to dismiss.  The Court will dismiss the offensive portion of the fraud counterclaim, and require Gate City to amend its breach of covenant claim.  The remainder of the motion will be denied.

**ORDER**

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion to dismiss (Docket No. 13) is GRANTED IN PART AND DENIED IN PART.  It is granted to the extent it seeks to dismiss the offensive portion of the fraud counterclaim and compel Gate City to amend its implied covenant claim, but is denied in all other respects.

IT IS FURTHER ORDERED, that Gate City shall submit its amended counterclaim containing its amended claim for breach of the implied covenant of

**Memorandum Decision and Order – Page 11**

good faith and fair dealing within ten (10) days from the date of this decision.



DATED: **April 13, 2006**

B. LYNN WINMILL
Chief Judge
United States District Court

**Memorandum Decision and Order – Page 12**