IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| GMAC REAL ESTATE, LLC, ) | |
| ) | Case No. CV-05-0520-E-BLW |
| Plaintiff, ) | |
| ) | **MEMORANDUM DECISION** |
| v. ) | **AND ORDER** |
| ) | |
| GATE CITY REAL ESTATE ) | |
| POCATELLO, INC., ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

## INTRODUCTION

The Court has before it a motion to dismiss or, in the alternative, to strike filed by defendant GMAC Real Estate LLC (GMACRE). The Court heard oral argument on July 6, 2006, and ruled from the bench to dismiss the implied covenant claim. The Court took under advisement GMACRE's request for attorney fees. This decision provides additional support for the Court's ruling, and resolves the fee issue by finding that an award is not warranted.

## ANALYSIS

In an earlier filed decision, the Court dismissed that portion of Gate City's fraud claim seeking a recovery of damages, and found insufficient Gate City's

**Memorandum Decision and Order – Page 1**

allegations that GMACRE breached the implied covenant of good faith and fair dealing.[1]  The Court gave Gate City an opportunity to correct the insufficient allegations relating to the implied covenant claim.  Gate City responded by filing an amended counterclaim, and GMACRE countered by filing another motion to dismiss, contending that the allegations remain insufficient to state a claim for breach of the implied covenant.

The Court will not repeat the factual summary and discussion of case law contained in the earlier decision.  The flaw in Gate City's original implied covenant allegations was that they were not tied in any way to the Service Contract, as required by Idaho law.

Gate City attempts to correct this flaw by citing, in its amended counterclaim, to four provisions of the Service Contract.  In the first three of these provisions, Gate City alleges that GMACRE promised to (1) improve service by developing new programs, (2) seek recommendations from members, and (3) make available an "effective service."  The fourth provision is a choice-of-law clause choosing to apply the law where Gate City is licensed, *i.e.,* Idaho, to govern any disputes.

---

[1] The Court denied the motion as to Gate City's claims of (1) defensive fraud, and (2) breach of contract.

**Memorandum Decision and Order – Page 2**

Gate City alleges that GMACRE significantly impaired the value of this choice-of-law provision by filing suit against Gate City in Illinois and New Jersey. The mere fact of filing suit would not impair the value of the provision, however, because the courts in those locations could honor the provision, thereby providing Gate City with the full benefit of its bargain. Gate City has made no allegation that the courts ignored this provision and deprived Gate City of its benefits. Gate City does allege that the litigation was harassing, but that is a claim within the exclusive jurisdiction of the courts in Illinois and New Jersey, and Gate City could have petitioned for relief there.

Gate City argues, however, that the choice-of-law provision was really intended to be a forum-selection clause, selecting Idaho as the exclusive forum for disputes, and that GMACRE failed to give good faith recognition to this provision when it filed suit in other states. Although the provision itself contains no such language, Gate City has filed the affidavit of its owner, Gordon Wilks, stating that it was his understanding that the provision was a forum-selection clause. More specifically, Wilks states that (1) GMACRE officials, in pitching the Service Contract, never said anything "that would lead me to believe that [GMACRE] would pursue any legal proceedings, in the event of a dispute, at some distant state far from Idaho, *see Wilks Affidavit* at ¶ 7, and (2) that the choice-of-law provision

**Memorandum Decision and Order – Page 3**

"means to me . . . that Idaho is the place . . . [and] I never could have imagined that the Idaho provision would be ignored and [Gate City] be sued in Illinois and then New Jersey . . . ." *Id*. at ¶¶ 8-9.

The Court cannot, however, consider this affidavit in resolving GMACRE's motion under Rule 12(b)(6). *See Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001).[2]  The Court is restricted to the four corners of the amended counterclaim, and Wilks' affidavit allegations are not contained in the amended counterclaim.

The amended complaint itself, however, does contain an allegation that GMACRE's filing of suits in "foreign jurisdictions [was] contrary to the implied covenant of good faith and fair dealing that applied Idaho law and venue to the [Service Contract]." *See Amended Counterclaim* at ¶ 42.  In other words, Gate City alleges that the implied covenant reads into the Service Contract a forum-selection clause, limiting the parties to filing suits in Idaho.  The Service Contract itself, however, contains no such limitation, and hence allows the parties to file suit in any forum.  Gate City's use of the implied covenant would directly contradict the written contract.  And that is contrary to Idaho law, which holds that "[n]o

---

   [2] The Wilks Affidavit does not fall within the exceptions to this rule for (1) documents incorporated by reference in a pleading and (2) facts subject to judicial notice.  *Id*.

**Memorandum Decision and Order – Page 4**

covenant will be implied which is contrary to the terms of the contract negotiated and executed by the parties." *Idaho Power Co. v. Cogeneration, Inc.*, 9 P.3d 1204, 1216 (Id. Sup. Ct. 2000).[3]

Moreover, Wilks' statements are excluded by the parol evidence rule because the Service Contract is fully integrated.[4] *See Posey v. Ford Motor Credit Co.,* 111 P.3d 162, 165 (Id. Ct. App. 2005). The Contract contains a provision stating that Gate City "acknowledges that . . . [GMACRE] . . .[has not] made representations, promises, or agreements, express or implied, not set forth in this Contract . . . and that this Contract is the entire agreement of the parties." *See Service Contract* at ¶ 20. This provision forecloses any testimony from Wilks that the parties had some agreement to limit the rights of the parties that was not

---

[3] The Idaho cases frequently hold that the implied covenant cannot be used to override an "express" provision of a written contract. *Clement v. Farmers Ins. Exch.,* 766 P.2d 768, 770 (Id. Sup. Ct. 1988). There is no express provision here that the parties are free to file suit in any forum. One might argue that this means the *Clement* line of Idaho cases does not apply. The Court disagrees. There is no difference between (1) using the implied covenant to override an express provision and (2) using it to limit the rights of parties when no limitation was written into the contract. Both uses fundamentally undermine the written agreement. Neither is less culpable of this offense than the other. That is especially true here with regard to the forum-selection clause. The lack of such a provision – so commonly included in every type of contract – raises an implication as strong as any express provision that the parties are free to file suit in any forum. The Court is confident that if the Idaho Supreme Court was faced directly with this issue, it would agree.

[4] The Court can consider the Service Contract without converting this proceeding to one for summary judgment because the Contract was attached to, and relied upon by, the complaint. *See Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001).

**Memorandum Decision and Order – Page 5**

contained in the Service Contract.

The result is no different, however, even if the Wilks Affidavit is examined, converting this proceeding into one for summary judgment. *Lee,* 250 F.3d at 688 (recognizing conversion when extrinsic evidence is considered).[5]  At most, Wilks is saying that he interpreted the Service Contract to contain a forum-selection clause.  He never claims that GMACRE officials misled him but only that they said nothing contrary to his understanding.  Assuming that these allegations are true, they do not raise a genuine issue of material fact.  Under Idaho law, the unilateral interpretation of a party cannot be used to reform the plain language of the document.  *See Belk v. Martin*, 39 P.3d 592, 597 (Id. Sup. Ct. 2001).

For all of these reasons, the filing of suits in Illinois and New Jersey cannot be a breach of the implied covenant of good faith and fair dealing.  The Court will therefore dismiss those claims.

There remain other implied covenant claims in the amended counterclaim,

---

[5] Because it is Gate City that asks the Court to consider extrinsic material, and thereby convert this matter to a summary judgment proceeding, Gate City cannot complain about any lack of formal notice of the conversion prior to this decision.  In *Grove v. Mead School Dist. No. 354,* 753 F.2d 1528, 1532-33 (9th Cir. 1985), the Circuit held that the district court must give the parties notice that it intends to convert a motion, and an opportunity to submit further briefing.  The Circuit also held that the notice occurs when a party has reason to know that the court will consider matters outside the pleadings.  Gate City had notice, since they were the party submitting the extrinsic material.  Moreover, they had already discussed it in their briefing and thus need no further opportunity for briefing.

**Memorandum Decision and Order – Page 6**

however.  For example, Gate City claims that the Service Contract contained an implied covenant that GMACRE would engage in good faith settlement talks to resolve any disputes, and that it acted in bad faith by ignoring Gate City's request to enter into those talks.  Reading a negotiation requirement into every contract would be a substantial expansion of the implied covenant's scope – Gate City has not cited any Idaho case law supporting that expansion, and the Court cannot say that Idaho courts would adopt such an expansion if given the opportunity.  These claims will therefore be dismissed.

Finally, Gate City argues that GMACRE acted in bad faith by ignoring "the attorney-client relationship known to [GMACRE]."  *See Amended Complaint* at ¶ 46.  If Gate City is referring to GMACRE's attempts to collect payments, Gate City cites no Idaho case law extending the implied covenant to collection attempts.  Again, adopting Gate City's argument would substantially extend the implied covenant without any base of support in Idaho law.

For all these reasons, the Court will dismiss all of the implied covenant claims contained in Gate City's amended counterclaim.  GMACRE has requested attorney fees.  The Court will deny that request.

**Memorandum Decision and Order – Page 7**

# ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion to dismiss (Docket No. 23) be GRANTED and that the claim for breach of the implied covenant of good faith and fair dealing be DISMISSED, but that the request for attorney fees contained in that motion be DENIED.



DATED:  **July 27, 2006**

B. LYNN WINMILL
Chief Judge
United States District Court

**Memorandum Decision and Order – Page 8**