IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| GMAC REAL ESTATE, LLC, ) | |
| ) | Case No. CV-05-520-E-BLW |
| Plaintiff, ) | |
| ) | **MEMORANDUM DECISION** |
| v. ) | **AND ORDER** |
| ) | |
| GATE CITY REAL ESTATE ) | |
| POCATELLO, INC., ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

## FACTUAL BACKGROUND

Plaintiff GMACRE filed this action against Gate City to recover fees allegedly due under the terms of a Service Contract. Under the terms of that Contract, signed on March 10, 2000, GMACRE granted Gate City a franchise to operate a residential real estate office in Idaho. Gate City agreed to pay monthly fees (set as a percentage of their income from real estate sales) for the right to use the Better Home and Gardens trademarks.

GMACRE alleges that Gate City ceased paying the fees in December of 2002, and now owes at least $142,718.81. GMACRE terminated the franchise agreement, and brought this action to recover those fees. Gate City responded by filing a counterclaim alleging that GMACRE fraudulently induced Gate City to

**Memorandum Decision and Order – Page 1**

enter into the Service Contract, breached both the Service Contract and the implied covenant of good faith and fair dealing, and was unjustly enriched at Gate City's expense.

In past decisions, the Court dismissed (1) Gate City's claim for breach of the implied covenant of good faith and fair dealing; (2) Gate City's claim for damages for fraud, as time-barred.

Remaining for litigation are GMACRE's claims along with (1) Gate City's affirmative defense of fraud that would entitle it to avoid payment to GMACRE but not to obtain damages; (2) Gate City's claim that GMACRE was unjustly enriched by Gate City; and (3) Gate City's claim that GMACRE breached the Services Contract by failing to provide advertising and real estate services.

## ANALYSIS

1. **Motion to Strike O'Brien Declaration**

Gate City seeks to strike the Declaration of Judith O'Brien. That Declaration states that on the basis of her "personal knowledge," GMAC Home Services assigned the Gate City Service Contract to GMACRE "[i]n or around March of 2000." At this time, O'Brien was a Vice-President of GMAC Home Services. She later became GMACRE's Chief Operating Officer. She is now a President of a subsidiary of GMAC Home Services, and a Vice-President of

**Memorandum Decision and Order – Page 2**

GMACRE.

She attached to her Declaration a written copy of the assignment agreement. She states that the written assignment agreement "was made and kept in the ordinary course of GMACRE's business."

Rule 56(e) requires that a proper foundation be laid for evidence considered on summary judgment. The documents must be authenticated by a person through whom the exhibits could be admitted into evidence. *See Bias Moynihan*, 508 F.3d 1212, 1224 (9th Cir. 2007); Rule of Evidence 901.

O'Brien testified that she had personal knowledge of (1) the assignment attached to the Declaration, and (2) the fact that it was entered into between GMACRE and GMAC Home Services around March of 2000. O'Brien was a Vice-President of GMAC Home Services at the time, and by virtue of her position could be expected to have personal knowledge of the assignment and its date. *See Self-Realization Fellowship Church v. Ananda Church of Self-Realization*, 206 F.3d 1322, 1330 (9th Cir. 2000) (finding that corporate officer could be expected to have personal knowledge of identity of corporate employees and their tasks). The Declaration was properly authenticated by O'Brien under Rule of Evidence 901(b)(1).

Gate City challenges the assignment as inadmissible hearsay. GMACRE

**Memorandum Decision and Order – Page 3**

responds that the exception for "records of regularly conducted activities" applies here under Rule of Evidence 803(6). O'Brien testified that the assignment was both (1) made and (2) kept in the ordinary course of GMACRE's business, thereby meeting both prongs of the test under Rule 803(6).

Gate City objects that O'Brien does not establish that she is the custodian of records. However, Rule 803(6) allows the showing to be made by either "the custodian" or "other qualified witness" under Rule 803(6). While O'Brien's Declaration does not identify her as a custodian, she would be otherwise qualified as a GMACRE Vice-President and former Chief Operating Officer. The Court finds that the exception contained in Rule 803(6) applies.

Gate City argues next that GMACRE failed to disclose O'Brien under Rule 26, and now that discovery is closed, cannot use her Declaration to defeat summary judgment. Within the discovery period, Gate City filed a Deposition Notice seeking to inquire into the assignment. A Rule 30(b)(6) deposition was scheduled for late April of 2007. However, Gate City's counsel canceled that deposition, refusing to take it until its pending motions were resolved. Gate City cannot now complain that it was precluded from investigating the assignment when it canceled a deposition that it noticed up in part to inquire into the assignment.

Gate City complains that GMACRE represented that it had produced

**Memorandum Decision and Order – Page 4**

everything, and only later produced the assignment. GMACRE responds that its failure to produce the assignment earlier was inadvertent, and no evidence to the contrary has been produced by Gate City. Moreover, Gate City does not explain how the late production caused prejudice, especially given the fact, discussed above, that Gate City canceled the deposition designated to inquire into the assignment.

The Court finds Gate City's other objections without merit. Accordingly, the Court will deny the motion to strike the O'Brien Declaration.

### 2. **Gate City Motion for Summary Judgment**

Gate City moves for summary judgment on the ground that no assignment exists. The O'Brien Declaration at least creates a genuine issue of fact on that point. Gate City's motion will therefore be denied.

Of course Gate City retains the right to challenge the assignment at trial. GMACRE's standing depends on an assignment, and thus an assignment is crucial to this Court's jurisdiction. Jurisdictional issues may be raised at any time, and so the validity of the assignment remains an issue for resolution at trial.

### 3. **Gate City Motion to Strike Objections and Compel Discovery**

On March 10, 2006, Gate City served its first discovery request, including ten interrogatories and ten requests for production. On April 17, 2006, GMACRE

responded by objecting to all the interrogatories and requests for production on the grounds that they are overly broad, irrelevant, and privileged.

GMACRE eventually produced answers for some of the discovery leaving unanswered interrogatories 3, 4, 8, and 9, and requests for production 6, 7, and 9. The Court will consider each.

Interrogatory 3 asks GMACRE to "identify each document furnished to any person, firm, or entity that was authorized to pursue any collection or negotiating action against defendant after December 31, 2003." This interrogatory relates to Gate City's claim for breach of the implied covenant of good faith and fair dealing, wherein Gate City argued that the filing of suits against it in Illinois and New Jersey, and GMACRE's other attempts to collect payments, violated the covenant. However, the Court dismissed that claim. Gate City does not explain why this information would now be relevant.

Interrogatory 4, asks GMACRE to "identify all documents originating with any collection person, firm or entity relative to [Gate City]." For the same reasons explained above, this interrogatory seeks irrelevant information.

Interrogatory 8 asks GMACRE to "identify by case number, caption, and jurisdiction, date of complaint and name and address and phone number of all counsel of record, all litigation between any GMAC entity and any GMAC

**Memorandum Decision and Order – Page 6**

affiliated real estate firm or franchise." This question is unrestricted in both time and subject matter. In other words, it seeks the identity of other litigation at any time, whether similar to this case or not. For those reasons, the question is over broad and unduly burdensome.

Interrogatory 9 asks GMACRE to "identify all in-house documents of plaintiff or any other GMAC related entity that compares, analyzes, criticizes, or otherwise evaluates the performance of GMAC real estate affiliates compared to affiliates or franchisees of other national real estate groups or entities whether by city, state, region, geography or otherwise." Once again, this question is unrestricted in time. Moreover, it would require GMACRE to identify not only its own documents, but also those of "any other GMAC related entity." For those reasons, it is over broad and unduly burdensome.

Request for Production 6 asks for "all documents in the nature of organizational charts and documents identifying all entities connected with GMAC." The request for "all documents" could sweep up an immense volume of material and renders this request over broad.

Request for Production 7 asks for "all in-house documents relative to any discussion, policy, consideration, practice or directive relative to the venue of GMAC bringing lawsuits against affiliates and franchises." Once again, this

**Memorandum Decision and Order – Page 7**

question is unbounded in time, and would apply to a potentially immense volume of material. Hence, it is over broad. Moreover, it does not appear on its face to request unprivileged documents that would lead to relevant evidence.

Request for Production 9 asks for "all documents originating with any collection person, firm, or entity incidental to a collection action directed to Defendant." This question seeks information regarding Gate City's claim for breach of the implied covenant of good faith and fair dealing that was dismissed by the Court. It therefore does not seek information that is relevant.

Pursuant to these findings, the Court will deny Gate City's motion to strike objections and to compel, and for sanctions.

**4.    Remaining Motions**

Gate City has filed another motion for partial summary judgment on liability. Gate City claims that GMACRE fraudulently induced Gate City to enter into the Service Contract by making false promises, and that the affidavit of Gordon Wilks, among others, establishes this claim as a matter of law.

GMACRE responds by seeking more time to do discovery under Rule 56(f). GMACRE claims that Gate City refused to provide Wilks for depositions, preventing GMACRE from having a full and fair opportunity to respond to Gate City's affidavits.

**Memorandum Decision and Order – Page 8**

Gate City did refuse to produce Wilks for his deposition. Gate City never filed a motion for protective order, but simply refused to produce Wilks. In response, GMACRE filed a motion to bar any further testimony from Wilks, and other deponents that Gate City refused to produce. That motion remains pending as well as the other motions discussed above.

Gate City argues that it was justified in ignoring the deposition because of GMACRE's own failure to produce discovery. As this Court has previously held, Gate City's excuse is no justification to ignore the deposition. Moreover, the Court finds unfounded Gate City's claims that GMACRE was engaged in any improper conduct: (1) GMACRE's late production of the assignment was inadvertent; (2) its insistence on holding a Rule 30(b)(6) deposition at its place of business was reasonable; and (3) its objections to discovery requests were reasonable, as the discussion above demonstrates.

The Court refuses, however, to bar these witnesses from testifying. Instead, the Court will reopen discovery to allow GMACRE to take these depositions. Accordingly, the Court will grant GMACRE's motion under Rule 56(f), and stay the briefing on Gate City's motion for partial summary judgment on liability until the discovery is done.

The Court will direct Gate City to make available for deposition within the

**Memorandum Decision and Order – Page 9**

next 45 days the eight individuals (which includes one designee under Rule 30(b)(6)) whose depositions were set for April 23 to 27, 2007. The depositions may change the entire nature of Gate City's motion for partial summary judgment on liability. Accordingly, the Court will deny the pending motion, and set up a briefing schedule for the filing of a new motion that will take into account the additional discovery provided during this Rule 56(f) interlude.

Within 30 days from the date the last of these eight depositions is taken, (1) Gate City shall file its motion for partial summary judgment, and (2) GMACRE may file any dispositive motion. The remainder of the briefing shall be filed according to the deadlines imposed by the Court's Local Rules.

In its brief accompanying its motion to bar witnesses, GMACRE requests sanctions under Rule 37 for the expenses it incurred due to Gate City's unjustified refusal to attend the depositions. A motion for sanctions should be a stand-alone motion, and the Court would resolve it only after hearing in-person oral argument. Accordingly, the Court will deny the request for sanctions at this time, without prejudice to GMACRE's right to file a stand-alone motion for sanctions.

**ORDER**

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the first motion for summary judgment (Docket No. 38) is DENIED.

IT IS FURTHER ORDERED, that the first motion to compel and strike objections (Docket No. 41) is DENIED.

IT IS FURTHER ORDERED, that the motion to strike declaration of O'Brien (Docket No. 50) is DENIED.

IT IS FURTHER ORDERED, that the motion to bar witnesses (Docket No. 47) is GRANTED IN PART AND DENIED IN PART.  It is granted to the extent it seeks to take depositions previously ignored by Gate City.  It is denied to the extent it seeks to bar witnesses from testifying, and it is denied to the extent it seeks sanctions, without prejudice to the right of GMACRE to file a stand-alone motion for sanctions based on Gate City's conduct.

IT IS FURTHER ORDERED, that Gate City's motion for partial summary judgment on liability (Docket No. 65) is DENIED without prejudice to Gate City's right to re-file the motion within the deadlines specified in the Memorandum Decision.

IT IS FURTHER ORDERED, that the motion to vacate dispositive motion

deadline (Docket No. 72), and the motion to stay briefing (Docket No. 73) are GRANTED, and the deadlines are extended pursuant to the discussion in the Memorandum Decision.

 IT IS FURTHER ORDERED, that the motion for sur-reply (Docket No. 56) is MOOT.



DATED: **March 13, 2008**

Honorable B. Lynn Winmill
Chief U. S. District Judge

**Memorandum Decision and Order – Page 12**